UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER GRAHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No.: 2:22-cv-01277-JHE |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION[1]

The Commissioner has moved to remand this action under sentence four of 42 U.S.C. § 405(g) for further evaluation. (Doc. 16). Plaintiff Christopher Graham ("Graham") opposes the Commissioner's motion, arguing that this court should remand for a calculation of benefits rather than additional fact-finding. (Doc. 18). The Commissioner has filed a reply in support of the motion to remand. (Doc. 20). As discussed below, the Commissioner's motion is **GRANTED**.

### I. Procedural History

Graham filed an application for a period of disability and disability insurance benefits on October 29, 2012, alleging disability beginning on April 26, 2011. (Tr. 116, 244–246). His claim was initially denied, and Graham subsequently requested a hearing before an administrative law judge ("ALJ"). (Tr. 90, 140–45). After a February 26, 2014 video hearing (tr. 63–87), ALJ L. Raquel BaileySmith denied Graham's claim on April 4, 2014. (Tr. 106–125).

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties in this case have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 12).

On November 17, 2015, the Appeals Council remanded the case. (Tr. 126–129). Specifically, the Appeals Council found that while the vocational expert who testified at the hearing had stated that there were a significant number of jobs in the national economy that Graham could perform, the vocational expert "did not indicate whether [Graham] had acquired skills from his past relevant work that would transfer" to those jobs. (Tr. 127). Additionally, the Appeals Council found ALJ BaileySmith had not appropriately considered whether limitations she imposed would prevent Graham from performing skilled jobs. (*Id.*). Accordingly, the Appeals Council directed the ALJ to obtain supplemental evidence from a vocational expert. (Tr. 128).

On remand, ALJ Renee Blackmon-Hagler held a hearing on April 25, 2016. (Tr. 32–53). Following the hearing, ALJ Blackmon-Hagler entered a decision on August 22, 2016. (Tr. 7–31). ALJ Blackmon-Hagler acknowledged the scope of the remand (tr. 10–12), but again found Graham was not disabled based on vocational expert testimony that there were significant numbers of jobs in the national economy Graham could perform (tr. 26). Therefore, ALJ Blackmon-Hagler again denied Graham's claim. (Tr. 27). On May 17, 2017, the Appeals Council affirmed the ALJ's decision. (Tr. 1–6).

Graham appealed to this court, and United States District Judge Karon O. Bowdre reversed the Commissioner's decision on August 2, 2018. *Graham v. Berryhill*, No. 2:17-cv-01130-KOB, 2018 WL 3657572 (N.D. Ala. Aug. 2, 2018) ("*Graham I*"). Judge Bowdre held that the ALJ had erred in considering the testimony of Graham's treating physician, Dr. P. Lauren Savage, Jr., to which the ALJ assigned little weight. *Id.* at *12. Judge Bowdre found the ALJ's determination that Dr. Savage's opinion was inconsistent with the record was unsupported, that the ALJ substituted her own opinion for Dr. Savage's opinion, and that the ALJ had improperly assigned

2

more weight to the opinions of other physicians than to Dr. Savage's opinion. *Id.* at *12–13. Accordingly, Judge Bowdre remanded the case to the Commissioner. *Id.* at *13.

On remand again, ALJ Blackmon-Hagler held a hearing on May 8, 2019. (Tr. 638–70). ALJ Blackmon-Hagler denied the claim again on July 31, 2019. (Tr. 760–780). Reevaluating Dr. Savage's opinion, ALJ Blackmon-Hagler again assigned it little weight. (Tr. 778). On May 5, 2020, the Appeals Council again remanded the case. (Tr. 789–793). The Appeals Council found ALJ Blackmon-Hagler had not adequately addressed any of the errors Judge Bowdre's opinion detailed with respect to Dr. Savage's opinion. (Tr. 790–791).

On remand, ALJ Sheila McDonald held a hearing on July 16, 2020. (Tr. 594–637). ALJ McDonald denied Graham's claim on August 25, 2020. (Tr. 558–593). ALJ McDonald assigned no weight to Dr. Savage's opinions, finding that Dr. Savage's failure to define particular terms in the opinions undermined their probative value. (Tr. 580–581). It is not clear from the record how the Appeals Council disposed of any appeal Graham took, but in any case Graham once again appealed to the District Court. *See Graham v. Social Security Administration, Commissioner*, Case No. 2:20-cv-02035-NAD ("*Graham II*").

On September 10, 2021, the Commissioner moved, unopposed, to remand the case to the administrative level with the following notes:

> On remand by the Court, the Appeals Council will forward the case to an administrative law judge ("ALJ"), who will be instructed to: 1) update the medical record; 2) to fully comply with the August 2, 2018 remand order from the District Court and relevant remand orders from the Appeals Council; 3) to fully evaluate the opinions from all medical sources in compliance with agency policy and specifically address Dr. Savage's restriction against overhead reaching; Dr. Savage's opinion that pain would result in a distraction from job tasks; and Dr. Estock's opinion that Plaintiff had severe mental impairments that resulted in moderate limitations; 4) re-evaluate Plaintiff's maximum residual functional capacity (RFC) to include all limitations supported by the record; and 4) if necessary, to hold a supplemental hearing, obtain supplemental evidence from a

3

> vocational expert, and address conflicts between the expert testimony and the Dictionary of Occupational Titles (DOT).

*Graham II*, doc. 20 at 3–4.  United States Magistrate Judge Nicholas A. Danella granted the motion and remanded the case on September 16, 2021.  *Id.*, docs. 21 & 22.  In his remand order, Judge Danella specifically order the Commissioner to "<u>fully</u> comply with the August 2, 2018 remand order from the District Court and relevant remand orders from the Appeals Council . . . ."  *Id.*, doc. 21 at 2 (emphasis in original).

On remand, the Appeals Council issued an order consistent with the Commissioner's request and Judge Danella's order, vacating ALJ McDonald's previous opinion and noting that it "did not fully comply with the August 2, 2018, remand order from the District Court, or the May 5, 2020, remand from the Appeals Council, as [ALJ McDonald] did not fully consider the opinion of Dr. Savage."  (Tr. 1522–26).  ALJ McDonald held another hearing on May 5, 2022, acknowledging on the record the scope of the remand.  (Tr. 1430–1469).  Following that hearing, ALJ McDonald denied the claim on Jun 17, 2022.  (Tr. 1386–1418).  As to Dr. Savage's opinions, ALJ McDonald once again found that Dr. Savage's failure to define terms undermined his opinions and concluded that they related to "the workplace functions of the claimant in the job he held prior to his period of state-determined disability."  (Tr. 1411–1416).  ALJ McDonald again assigned them no weight.  (*Id.*).  Although Graham provided a lengthy sworn statement from Dr. Savage (tr. 1666–1698), ALJ McDonald did not mention or assign any weight to it.

The record again does not reflect if Graham brought the matter to the Appeals Council, but he filed the present action on October 4, 2022.  (Doc. 1).  Graham filed a brief in support of his claim on March 10, 2023.  (Doc. 15).  Rather than file a brief in opposition, the Commissioner

filed her motion to remand on April 10, 2023, indicating it was opposed by Graham. (Doc. 16). The motion is now fully briefed. (Docs. 16, 18 & 20).

## II. Analysis

Both parties agree this case should be remanded. However, they dispute *how* it should be remanded. The Commissioner states that more fact-finding is necessary and that "[u]pon remand, the Administrative Law Judge will be instructed to offer the claimant an opportunity for a hearing, further evaluate the opinion evidence under 20 C.F.R. § 404.1527, further evaluate the residual functional capacity, obtain supplemental evidence from a vocational expert, and issue a new decision." (Doc. 16 at 1). Relying primarily on the Commissioner's repeated failures to address the record evidence consistent with orders of the court and the Appeals Council, as well as the related issue of the age of his claim and the potential delays in adjudication if this case is remanded as the Commissioner requests, Graham contends he is entitled to an immediate award of benefits. (Doc. 18 at 1–3).

A sentence four remand is "based upon a determination that the Commissioner erred in some respect in reaching the decision to deny benefits . . . ." *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996). The Eleventh Circuit permits a district court to determine that a claimant is entitled to an award of benefits under 42 U.S.C. § 405(g) only where the Commissioner "has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993) (citation omitted). *See also Stewart v. Comm'r of Soc. Sec. Admin.*, 746 F. App'x 851, 855 (11th Cir. 2018) (quoting *Davis*, 985 F.2d at 534); *Jack v. Comm'r, Soc. Sec. Admin.*, 675 F. App'x 887, 890 (11th Cir. 2017) (noting that "an immediate award of benefits occurs in very limited circumstances" and is not appropriate where it is "not clear that the cumulative effect of the

5

evidence establishes disability without any doubt . . . ."). While the undersigned has provided the full procedural history—more than ten years' worth—above to emphasize how problematic the Commissioner's handling of this case has been, Graham has not shown he is undisputedly entitled to benefits consistent with the Eleventh Circuit's requirement.[2] Both sides agree that the Commissioner has thus far failed to adequately evaluate opinion evidence in the record and that further development via a vocational examiner's testimony is necessary. In other words, the parties agree that the reason for remand comes down to the ALJ's failure to assess Graham's claim in line with the appropriate legal standards.[3] The ultimate disposition of the underlying evidence is exactly the sort of issue the Social Security Act commits to the Commissioner's fact-finding. *Cf. Stewart*, 746 F. App'x at 857 (holding claimant had not shown "that she is entitled to a reversal without remand because she has only shown that the ALJ failed to properly assess [a] medical opinion, and she has not shown that the record establishes that she was disabled without any doubt").

Although the undersigned cannot order an award of benefits based on the record here, the age and procedural history of this case are troubling, and Graham's concerns about what will

---

[2] As the Commissioner notes (doc. 20 at 5), Graham's authority comes from the Ninth Circuit and from district court cases. (Doc. 18 at 2) (citing *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004); *Rainey v. Comm'r of Soc. Sec.*, No. 5:17-cv-541-Oc-PRL, 2018 U.S. Dist. LEXIS 135916, at *6 (M.D. Fla. Aug. 13, 2018); *Goodrich v. Comm'r of Soc. Sec.*, No. 6:10-cv-1818-Orl-28DAB, 2012 WL 750291, at * 14 (M.D. Fla. Feb. 7, 2012)). Whatever the merits of these cases, they are not biding on this court. *See McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir. 2004) ("A circuit court's decision binds the district courts sitting within its jurisdiction . . . .") (citation omitted); *United States v. Cerceda*, 172 F.3d 806, 812 n.6 (11th Cir. 1999) ("The opinion of a district court carries no precedential weight, even within the same district.").

[3] Graham's own brief presents the issues as (1) "[t]he ALJ's analysis of the medical opinion evidence is contrary to SSA policy and Eleventh Circuit precedent" and (2) "the [vocational examiner's] testimony is not substantial evidence supporting the ALJ's decision to deny benefits." (Doc. 1 at 1).

happen on remand are understandable. Therefore, the Commissioner should expedite consideration of Graham's claim on remand to the extent she can do so. Furthermore, based on ALJ McDonald's inadequate consideration of Dr. Savage's opinion in two separate opinions—both after being specifically instructed to fully comply with court orders and orders of the Appeals Council—the Commissioner must assign the case to a different ALJ on remand. *See King ex rel. S.K. v. Comm'r of Soc. Sec.*, No. 607-CV-537-ORL-22DAB, 2008 WL 4095493, at *5 (M.D. Fla. Aug. 29, 2008) (collecting cases for the proposition that a district court may order remand to a different ALJ even without a finding of bias).

### III. Conclusion

For the reasons set forth herein, and upon careful consideration of the administrative record and memoranda of the parties, the Commissioner's motion is **GRANTED**. The decision of the Commissioner of Social Security denying Graham's claim for a period of disability and disability insurance benefits is **REVERSED**, and this action is **REMANDED**. A separate order will be entered.

DONE this 2nd day of May, 2023.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE